IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32076-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARIA GONZALEZ-AGUILAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — A jury returned a verdict finding Maria del Carmen Gonzalez-Aguilar guilty of two counts of possession of a controlled substance. At sentencing, the trial court imposed $1,850 in legal financial obligations (LFOs). Of that sum, $1,150 were discretionary costs, comprising a $250 jury demand fee; a $450 fee for a court appointed attorney; $250 to the Columbia Avenue Drug Task Force drug enforcement fund; a $100 crime lab fee; and a $100 DNA[1] collection fee. The judgment and sentence contains the following boilerplate language: "[t]he defendant has the ability or likely future ability to pay the legal financial obligations imposed herein." Clerk's Papers at 57. Ms. Aguilar-Gonzalez did not object to the finding at sentencing.

---

[1] Deoxyribonucleic acid.

Ms. Aguilar Gonzalez timely appeals, raising only the sufficiency of the evidence to support the boilerplate finding. The State concedes that the evidence is insufficient.

As a preliminary matter, we consider whether to accept review of the issue where Ms. Gonzalez-Aguilar made no objection to the finding and thereby failed to preserve a claim of error. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680 (2015) ("[u]npreserved LFO errors do not command review as a matter of right"). "[A] defendant has the obligation to properly preserve a claim of error" and "appellate courts normally decline to review issues raised for the first time on appeal." *Id.* at 830, 834. The rationale for refusing to review an issue raised for the first time on appeal is well settled—issue preservation helps promote judicial economy by ensuring "that the trial court has the opportunity to correct any errors, thereby avoiding unnecessary appeals." *State v. Robinson*, 171 Wn.2d 292, 304-05, 253 P.3d 84 (2011) (citing *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)).

Ms. Gonzalez-Aguilar has unquestionably waived her right to appeal the trial court's finding and imposition of discretionary LFO's, but we enjoy discretion to make an exception to the general requirement of issue preservation. In this case, since a majority of the judges on this three judge panel believe we should accept the State's concession of error and exercise our discretion to review the issue, that is what we will do.

2

No. 32076-6-III
*State v. Gonzalez-Aguilar*

Under RCW 10.01.160(3), "[t]he court shall not order a defendant to pay costs unless the defendant is or will be able to pay them." "The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838. Because the record does not indicate that there was any individualized inquiry into Ms. Gonzalez-Aguilar's present or future ability to pay, remand is required.

We remand for a new sentencing hearing limited to the issue of what discretionary costs, if any, will be imposed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

3